IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL BROWN, | § | |
| | § | |
| Appellant Below- | § | No. 156, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| PARKER'S EXPRESS, INC., | § | |
| | § | C.A. No. N15A-06-009 |
| Appellee Below- | § | |
| Appellee. | § | |

Submitted: August 19, 2016
Decided: October 21, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices

**O R D E R**

This 21st day of October 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)   The appellant, Michael Brown, appeals from the Superior Court's decision, dated March 1, 2016, which affirmed a decision of the Unemployment Insurance Appeal Board ("the Board"). The Superior Court concluded that the Board's determination that Brown was not entitled to benefits because he had voluntarily left his job without good cause was supported by substantial evidence. We agree. Thus, we affirm the Superior Court's judgment.

(2)   The record reflects that Brown began work as a commercial truck driver for Parker's Express, Inc. ("the Employer") in April 2011. On November

22, 2013, Brown was involved in a work-related accident and was out of work as a result of injuries. On March 31, 2014, Brown was cleared by his doctor for light-duty work. He did not contact the Employer or otherwise return to work. On April 17, 2014, the Employer sent Brown's doctor a worker's compensation form, indicating that it had a position available that only required modified duties. On April 18, 2014, Brown's doctor signed the form, approving the available job and listing Brown's restrictions. Brown did not return to work or otherwise contact the Employer.

(3) On May 20, 2014, the Employer sent Brown a letter stating that if he did not return to work by June 9, 2014, his full-time driver's position would no longer be held open for him. Brown did not return to work or otherwise contact the Employer about other available positions.

(4) Brown filed for unemployment benefits in December 2014. Following a hearing in March 2015 at which Brown was represented by counsel, the referee found that as a matter of fact that Brown had been released to modified duty work in March 2014. The Employer had jobs available to accommodate Brown's restrictions. Brown did not contact the Employer about the modified duty work, although he admitted to applying for jobs with other potential employers. The referee concluded Brown was disqualified from

2

benefits under 19 *Del. C.* § 3314(1) because Brown had "left work voluntarily without good cause attributable to such work…."[1]

(5) Brown appealed that decision to the Board. After a hearing, the Board agreed with the referee's conclusion that, under the circumstances presented, Brown had voluntarily left his work and concluded that Brown had not met his burden of establishing good cause for his departure. Brown appealed the Board's decision to the Superior Court. The Superior Court affirmed. This appeal followed.

(6) On appellate review of decisions of administrative boards, this Court's scope of review is "limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error."[2] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] We do not weigh the evidence, determine questions of credibility, or make our own factual findings.[4] A claim

---

[1] 19 *Del. C.* § 3314(1).

[2] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966)).

[4] *Hoffecker v. Lexus of Wilmingon*, 2012 WL 341714 (Del. Feb. 1, 2012).

that the Board committed an error of law is reviewed *de novo*.[5]  Absent an error of law, we review the Board's decision for abuse of discretion.[6]

(7)     Whether an employee has voluntarily quit or left employment for good cause is a question of law subject to review by this Court.[7] As used in § 3314(1), good cause "must be such cause as would justify an individual to leave the ranks of the employed and join the ranks of the unemployed."[8]  Good cause is established if: "(i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[9]

(8)     In this appeal, Brown asserts that the doctor's note releasing him to light duty work was altered and that his doctor never signed a form approving the job that the Employer had available.  Brown, who was represented by counsel at both the hearing before the referee and the hearing before the Board, did not challenge the admission into evidence of either the doctor's note or the

---

[5] *Potter v. State*, 2013 WL 6035723 (Del. Nov. 13, 2013).

[6] *Id.*

[7] *Thompson v. Christiana Care Health Sys.*, 25 A.3d at 784.

[8] *Id.* at 782.

[9] *Id.* at 783.

worker's compensation form. Thus, we will not consider his claims for the first time in this appeal.[10]

(9)   Moreover, to the extent Brown challenges the Board's conclusion that he voluntarily quit his job without good cause, we hold that the Board's conclusion is "supported by substantial evidence and free from legal error."[11] The record reflects that Brown left work due to a work-related accident and that the Employer held his job open for him. Brown later was released to work with restrictions. The Employer had a position available to accommodate his restrictions. Brown never contacted the Employer to pursue the modified position, despite applying to a number of other potential employers for jobs. Under the circumstances, there is substantial evidence to support the Board's decision disqualifying Brown from receipt of unemployment benefits.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[10] Del. Supr. Ct. R. 8.

[11] *Thompson v. Christiana Care Health Sys.*, 25 A.3d at 781-82.